1   FISHER & PHILLIPS LLP
    SCOTT M. MAHONEY, ESQ.
2   Nevada Bar No. 1099
3   300 S. Fourth Street
    Suite 1500
4   Las Vegas, NV  89101
    Telephone:  (702) 252-3131
5   Facsimile:  (702) 252-7411
    E-Mail Address:  smahoney@fisherphillips.com
6   Attorney for Defendants

7                       UNITED STATES DISTRICT COURT

8                             DISTRICT OF NEVADA

9   LAURA BUCKLEY,                        )   Case No.
                                          )
10                    Plaintiff,          )
                                          )
11                                        )
    v.                                    )   **NOTICE OF REMOVAL OF**
12                                        )   **ACTION**
                                          )
13  PINNACLE COMMUNITY SERVICES           )
    LIMITED PARTNERSHIP, a Nevada         )
14  Limited Partnership; CANTERBURY       )
    HOLDINGS LLC, a Texas Limited Liability )
15  Company; DIAMONDBACK                  )
    MANAGEMENT SERVICES, LTD., a          )
16  Texas Business Entity; SILVERCLOUD    )
    HOLDINGS, INC., a Nevada Corporation; )
17  GARY BOWERS, an individual; DOES I-X; )
    ROE BUSINESS ENTITIES I-X,            )
18                                        )
                                          )
19                    Defendants.         )
                                          )
20  ─────────────────────────────────────)

21  TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

22          PLEASE TAKE NOTICE that Defendants hereby file this Notice of Removal of

23  Action of this cause from the Eighth Judicial District Court of the State of Nevada, Case

24  No. A-16-742515-C (the "State Action"), in which it is now pending, to the United

25  States District Court for the District of Nevada, and respectively state as follows:

26          1.      The jurisdiction of this court is invoked under 28 U.S.C. § 1331.

27

28

_(left margin, rotated)_ FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

32216135                              - 1 --

2.     On August 28, 2016, Plaintiff filed her Complaint in the State Action, which Complaint was served on Defendants on September 16, 2016.  All available process, pleadings and orders served on Defendants in connection with the State Action are attached.

3.     The grounds for removal are as follows: the Complaint alleges claims under the Fair Labor Standards Act and Family Medical Leave Act, presenting federal questions under 28 U.S.C. § 1331.

4.     This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 5th day of October 2016.

FISHER & PHILLIPS LLP

/s/ Scott M. Mahoney, Esq.
SCOTT M. MAHONEY, ESQ.
300 S. Fourth Street
Suite 1500
Las Vegas, Nevada 89101
Attorneys for Defendants,

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 5th day of October 2016, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing Notice of Removal of Action with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

James P. Kemp, Esq.

By:   /s/ Lorraine James-Newman
An employee of Fisher & Phillips LLP

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

32216135

Electronically Filed
08/28/2016 03:16:52 PM

**CLERK OF THE COURT**

1   JAMES P. KEMP, ESQ.
Nevada Bar No. 6375
2   KEMP & KEMP
7435 W. Azure Dr., Suite 110
3   Las Vegas, Nevada 89130
(702) 258-1183/(702) 258-6983 fax
4   jp@kemp-attorneys.com
Attorney for Plaintiff

5

**DISTRICT COURT**

6                      **CLARK COUNTY, NEVADA**

7                              \*\*\*

8   LAURA BUCKLEY,                          )
                          Plaintiff,        )
9   vs.                                     )
                                            )   Case No.: A-16-742515-C
10  PINNACLE COMMUNITY SERVICES LIMITED )
    PARTNERSHIP, a Nevada Limited Partnership; )   Dept. No.: XXV
11  CANTERBURY HOLDINGS LLC, a Texas Limited )
    Liability Company; DIAMONDBACK          )
12  MANAGEMENTSERVICES, LTD, a Texas        )   **COMPLAINT**
    Business Entity; SILVERCLOUD HOLDINGS,  )
13  INC., a Nevada Corporation;  GARY BOWERS, an )   JURY TRIAL DEMANDED
14  Individual; DOES I-X; ROE BUSINESS ENTITIES )
    I-X,                                    )   **Arbitration Exemption: action seeking**
15                                          )   **equitable or extraordinary relief.**
                                            )
16                          Defendants.     )
                                            )
17  _____

18        COMES NOW THE PLAINTIFF, by and through her counsel, JAMES P. KEMP, ESQ., of

19  KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

20  Defendant(s) as follows:

21  **I.      JURISDICTION AND VENUE**

22        The Court has jurisdiction over the subject matter and Parties in this civil action because the Plaintiff

23  is a resident of Clark County, Nevada, the Defendants have ongoing business operations in Clark

24  County, Nevada or otherwise have sufficient minimum contacts with Clark County, Nevada to render

25  them amenable to suit in this jurisdiction under the Nevada long-arm statute, NRS 14.065, and the

26  Constitutions of the United States and the State of Nevada.  The amount in controversy is in excess of

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1

the jurisdictional limit of Justice Court. Further, all of the acts and omissions complained of herein occurred in Clark County, Nevada making jurisdiction and venue proper in this court.

## II.   CLAIMS FOR RELIEF

### Factual Allegations Common to all Claims

1.      The Plaintiff is a United States citizen and was at all relevant times mentioned herein, from approximately August 2014 through approximately April 22, 2016 an employee at the Defendants' place of business, PINNACLE COMMUNITY SERVICES in North Las Vegas, NV.

2.      Defendant PINNACLE COMMUNITY SERVICES LIMITED PARTNERSHIP is and was, upon information and belief, at all material times mentioned herein a Nevada Limited Partnership duly organized under the laws of the state of Nevada and, upon information and belief, was and is doing business as PINNACLE COMMUNITY SERVICES at 3435 W. Cheyenne Avenue, Suite 103, North Las Vegas, Nevada 89032. This entity is the former employer of the Plaintiff.

3.      Defendant CANTERBURY HOLDINGS LLC is and was, upon information and belief, at all material times mentioned herein a Texas Limited Liability Company duly organized under the laws of the state of Texas and, upon information and belief, was and is the General Partner of Defendant Pinnacle Community Services Limited Partnership at 3435 W. Cheyenne Avenue, Suite 103, North Las Vegas, Nevada 89032. This entity is the former employer of the Plaintiff by operation of law under the Fair Labor Standards Act, NRS 608.011, and/or the Family and Medical Leave Act.

4.      Defendant SILVER CLOUD HOLDINGS, INC. is and was, upon information and belief, at all material times mentioned herein a Nevada Corporation duly organized

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

under the laws of the state of Nevada and, upon information and belief, was the former employer of the Plaintiff by operation of law under the Fair Labor Standards Act, NRS 608.011, and/or the Family and Medical Leave Act.

5.      Defendant DIAMONDBACK MANAGEMENT, LTD is and was, upon information and belief, at all material times mentioned herein a Texas Business Entity duly organized under the laws of the state of Texas and, upon information and belief, was the former employer of the Plaintiff by operation of law under the Fair Labor Standards Act (FLSA), NRS 608.011, and/or the Family and Medical Leave Act (FMLA).

6.      PINNACLE COMMUNITY SERVICES LIMITED PARTNERSHIP, DIAMONDBACK MANAGEMENT, LTD, CANTERBURY HOLDINGS LLC, and SILVER CLOUD HOLDINGS, INC. shall collectively be referred to herein a the "Business Entity Defendants."

7.      The Defendant GARY BOWERS is or was the employer of the Plaintiff if any applicable Business Entity Defendant(s) is or was defunct, or for any reason is deemed to not be Plaintiff's employer, at any of the relevant times mentioned herein.

8.      The Defendant GARY BOWERS is or was the owner or sole or partial shareholder of the Business Entity Defendants.

9.      The Defendant GARY BOWERS is or was a director of the Business Entity Defendants.

10.      The Defendant GARY BOWERS is or was an officer of the Business Entity Defendants.

11.      The Defendant GARY BOWERS by virtue of his status as an owner, shareholder, director, and officer of the Business Entity Defendants exercises complete control

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

over the Business Entity Defendants.  He is an employer under the definitions of "employer" under the FLSA and FMLA.

12. Throughout this Complaint the term Defendants refers to all Defendants both severally and collectively as the context indicates.  Defendants are employers as defined in the FLSA, FMLA, and under NRS 608.011.

13. Upon information and belief, the Defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.  Defendants provide services in interstate commerce, as well.

14. The Plaintiff has been an employee of the Defendants during the time period pertinent to this complaint, to wit, the three years immediately preceding the initiation of this action.  The Plaintiff has performed labor and services in various occupations that are subject to the aforesaid provisions of the FLSA.  These occupations include, but are not limited to, work performing billing functions. Defendants, through their agents, servants, and/or employees, are engaged in interstate commerce.  Such interstate commerce by said defendants includes, but is not limited to, the shipment and/or purchase and use of a substantial amount of goods and/or information shipped in interstate commerce through the United States Post Office and/or telephone lines and/or other means, as well as other activities constituting interstate commerce under the provisions of said Act.

15. The labor and services performed by the Plaintiff was directly essential to the shipment and use of various goods or services which moved in interstate commerce,

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

and Plaintiff therefor was engaged in commerce or in the production of goods for commerce as that term is used in the Act while employed by the defendants.

16. That the Defendant Bowers has intentionally acted to violate Federal Law on behalf of the Plaintiff's nominal employer(s), who was/were the Business Entity Defendants and as a result Defendant Bowers, who was a decision making manager and/or controlling agent and/or principal owner of the Business Entity Defendants, have assumed the position of "employer(s)" and/or the liability otherwise imposed upon "employers" in regards to the plaintiff within the meaning of Federal Law and as a result thereof the individual Defendant has assumed personal liability for all sums of money owed to the Plaintiff pursuant to Federal Law.

17. That the intentional violations of law alleged to have been committed herein were done with the specific approval of the individual Defendant and make the individual Defendant "employer" or "joint employer" of the Plaintiff for the purposes of the claims made herein and/or otherwise makes the individual Defendant legally liable for the claims made herein.

18. That the Individual and Business Entity Defendants are, upon information and belief, the alter-ego of one another.

19. That the various violations of law which are alleged herein were committed intentionally and/or willfully by all of the defendants.

20. On or about April 22, 2016, the Defendants terminated Plaintiff's employment and discharged her.

21. Defendants failed to pay Plaintiff her final wages, in accordance with NRS 608.020, NRS 608.040, and/or NRS 608.050, these final wages including substantial amounts

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA, 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

of overtime pay that remains outstanding, due, and owing to the Plaintiff.    More

than thirty (30) days has passed without Defendants paying Plaintiff her final wages.

22.    Plaintiff began working for Defendants at PINNACLE COMMUNITY SERVICES,

3435 W. Cheyenne Avenue, Suite 103 in North Las Vegas, Nevada Chef Cheng's on

August 25, 2014.    She received her first paycheck approximately one to two weeks

later.    Plaintiff was paid a salary of $55,000.00 for approximately the first year that

she worked for Defendants and then a salary at the rate of $60,000.00 per year for

the remainder of her employment.

23.    Plaintiff was hired to work only 40 hours per week on a full time basis.

24.    Despite having only been hired to work a usual and customary full time 40 hours per

week schedule, throughout her employment by Defendants Plaintiff was forced to

work overtime and regularly worked approximately 60 hours per week.

25.    Plaintiff was never paid overtime for any hours that she worked over 40 hours per

week.    Plaintiff estimates that she is owed for 1,780 hours of overtime through the

course of her employment.    This totals approximately $72,058.82 in overtime wages

due.

26.    At no time was the Plaintiff exempt from overtime under the Act, or Nevada state

law.

27.    Plaintiff did not have as a primary duty managing the enterprise, or managing a

customarily recognized department or subdivision of the enterprise.

28.    Plaintiff did not customarily and regularly direct the work of at least two or more

other full-time employees or their equivalent.

29.    Plaintiff did not have the authority to hire or fire other employees, nor were her

suggestions and recommendations as to the hiring, firing, advancement, promotion

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

6

or any other change of status of other employees given particular weight by the Defendants.

30.    Plaintiff did not as her primary duty engage in the exercise of discretion and independent judgment with respect to matters of significance to the employer's business.

31.    Plaintiff did not have authority to formulate, affect, interpret, or implement management policies or operating practices.

32.    Plaintiff did not carry out major assignments in conducting the operations of the business.

33.    Plaintiff did not perform work that affected business operations to a substantial degree.

34.    Plaintiff did not have authority to commit the employer in matters that have significant financial impact.

35.    Plaintiff did not have authority to waive or deviate from established policies and procedures without prior approval.

36.    The Defendants' acts of failing and refusing to pay the Plaintiff her justly due overtime wages were willful acts.

37.    In March 2015 the Plaintiff suffered an industrial accident and injury for which she filed a valid workers' compensation claim.

38.    The Plaintiff was a person with a disability as defined under the ADAAA because she had a condition that limited her in one or more major life activities.

39.    Plaintiff was capable of performing the essential functions of her job with Defendants, with or without a reasonable accommodation.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

40. The Plaintiff's disability caused her to have a serious health condition as defined under the FMLA. Plaintiff needed leave on a block or intermittent basis under the Family and Medical Leave Act and had she not been fired from her position on April 22, 2016, it is probable that she would have needed further leave under the FMLA due to her own serious health condition. Plaintiff had submitted the FMLA paperwork to the Defendants just two weeks prior to being terminated on April 22, 2016.

41. Plaintiff performed at or above the level that her employer had a reasonable right to expect. She had received good reviews and consistent praise for her job performance. Defendants had no genuine and legitimate reason to terminate the Plaintiff's employment and any allegedly non-retaliatory or non-discriminatory reason given by the Defendants is mere pretext for the true reasons of discrimination and/or retaliation as set forth herein.

## A. FIRST CLAIM: VIOLATION OF FMLA

42. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

43. Defendant operates in interstate commerce and, upon information and belief, have over 50 employees within a 75 mile radius of the location where Plaintiff was employed in Clark County, Nevada. Therefore, Defendants are a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

44. As a "covered employer" under the FMLA, Defendants are required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

8

absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

45. Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendants over 1250 hours during the preceding 12 months and having been employed for over two years when his need for leave arose.

46. Plaintiff was qualified to obtain leave under the FMLA in that she had a serious health condition.

47. Plaintiff provided Defendants notice of her need for leave or intermittent time off by furnishing a doctor's note to Defendants such that Defendants received sufficient notice to trigger its responsibility to provide leave under the FMLA.

48. By taking the adverse action of terminating Plaintiff on April 22, 2016, while she was seeking approval of FMLA leave, Defendants violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Plaintiff's right to medical leave under the FMLA. This would include Plaintiff's future need for leave or intermittent leave under the FMLA.

49. By taking the adverse employment action of terminating Plaintiff's employment on April 22, 2016, the Defendants retaliated and discriminated against the Plaintiff because she requested leave under the FMLA by submitting the proper paperwork to cover her own serious health condition just two weeks prior to her termination.

50. Defendant's violations of the FMLA were willful and without justification.

51. Defendant's acts were done with malice and oppression and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendants' acts in violation of the FMLA.

52. Defendant is liable to Plaintiff for violating her rights under the FMLA.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

9

53. Plaintiff has been damaged by an amount in excess of $10,000 or the jurisdictional maximum of Justice Court, whichever is greater.

54. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but not limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

55. Benefits lost include, but are not limited to, three weeks of Paid Time Off that the Plaintiff had accrued and was not paid upon termination.

56. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of her legal rights and remedies through this action.

## B. SECOND CLAIM: VIOLATION OF FLSA OVERTIME WAGE LAW

57. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

58. The plaintiff brings this Second Claim for Relief pursuant to 29 U.S.C. § 216(b).

59. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and/or §207, the individual plaintiff was entitled to an overtime hourly wage of time and one-half her regular hourly wage for all hours worked in excess of forty (40) hours per week, the individual plaintiff worked more than forty (40) hours per week for the defendants

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1    during most (if not all) of the weeks during which she worked for the defendants,

2    and the defendants willfully failed to make said overtime payments.

3    60.   Plaintiff seeks, on this Second Claim for Relief, a judgment for unpaid overtime

4    wages and additional liquidated damages of 100% of any unpaid overtime wages,

5    such sums to be determined based upon an accounting of the hours worked by, and

6    wages actually paid to the plaintiff and the plaintiff also seeks an award of attorney's

7    fees, interest and costs as provided for by the FLSA.

8

9    61.   Defendants' violations of the FLSA were intentional and willful.

10   **C.  THIRD CLAIM: VIOLATION OF NEVADA OVERTIME WAGE LAW**

11

12   62.   All other pertinent paragraphs set forth herein are incorporated here by reference as

13   if fully set forth and re-alleged.

14   63.   Defendants have failed to pay Plaintiff overtime wages for all hours worked in excess

15   of 8 hours per day, or 40 hours per week in violation of NRS 608.018.

16

17   64.   Defendants are liable for overtime wages owed to Plaintiff at the rate of 1.5 times her

18   hourly rate of pay for all hours worked in excess of 40 hours per week.

19

20   **D.  FOURTH CLAIM: WAGES DUE AND OWING WITH STATUTORY PENALTY
     UNDER NRS 608.040 AND/OR NRS 608.050**

21

22   65.   All other pertinent paragraphs set forth herein are incorporated here by reference as

23   if fully set forth and re-alleged.

24   66.   Defendants failed and neglected to timely pay the Plaintiff her final wages in

25   accordance with NRS 608.020 in that they failed to pay to plaintiff her final wages,

26   including unpaid overtime wages, when due to the plaintiff upon her being

27   terminated or within 3 days thereafter.

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7425 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

67. Defendants are liable to Plaintiff for the statutory penalty provided in NRS 608.040 and/or NRS 608.050.

68. Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue her rights under the law.

## E. FIFTH CLAIM: RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER NEVADA LAW.

69. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

70. Plaintiff's employment was terminated by Defendants in retaliation for her being injured on the job and her filing of a valid Workers Compensation claim and, thus, exercising her rights under the Nevada Industrial Insurance Act.

71. Termination of Plaintiff's employment was in violation of strong public policy of the state of Nevada.

72. Plaintiff suffered mental anguish, embarrassment, shame, loss of reputation, and emotional distress as a direct and proximate result of Defendant's actions.

73. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result of the actions of the Defendant.

74. The actions of the Defendant were willful, malicious, fraudulent, or oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Nevada law. The Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

75. Plaintiff should be reinstated to her position with all wages, benefits, and seniority restored as though the unlawful and tortious termination had never occurred.

76.     Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action.

### F.  RESERVATION OF RIGHTS UNDER AMERICANS WITH DISABILITIES ACT.

77.     Plaintiff has, or soon will, file a timely charge of discrimination under the Americans with Disabilities Act of 1990 (ADA) as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) with the United States Equal Employment Opportunity Commission (EEOC).

78.     Plaintiff will exhaust her administrative avenues with respect to that charge in good faith.

79.     Should the charge not be resolved to her satisfaction through the EEOC administrative process, the Plaintiff reserves the right to seek to amend this Complaint, or any subsequent Amended Complaints, to bring her claims under the ADAAA, or in the alternative to bring an independent action under the ADA/ADAAA once the claim becomes ripe for court action.

### III.  DEMAND FOR JUDGMENT FOR RELIEF

The Plaintiff prays judgment against the Defendants, and each of them, as follows:

A.   All applicable relief provided for under 29 U.S.C. § 216 (b) including, but not limited to:

1.   Money damages for unpaid overtime, wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by the Defendants;

2.   An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violations of FLSA by the Defendants in accordance with 29 U.S.C. § 216;

3.   Interest on the amounts awarded under 1 and 2 above at the prevailing rate;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

4. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff

5. Equitable relief as may be appropriate;

6. Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

B. For all applicable remedies under the Family and Medical Leave Act including, but not limited to the following:

1. For lost wages and back pay;

2. For the lost value of employment benefits;

3. For liquidated damages under the Family and Medical Leave Act;

4. For Attorney fees;

5. For costs of suit;

6. For interest on items 1 and 2 above;

7. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

8. For a trial by jury of all issues that may be tried to a jury;

9. For equitable and injunctive relief including an order of reinstatement to employment, or front pay in lieu of reinstatement as set forth herein;

10. For such other and further relief as the court may deem just and equitable.

C. All applicable remedies for Defendants' violation of NRS 608.018 failure to pay overtime.

D. Pre-judgment and Post-judgment interest on all applicable sums due.

E. Money Damages for Plaintiff's unpaid final wages and the statutory penalty of thirty (30) day's pay at Plaintiff's regular rate of pay in accordance with NRS 608.040 or NRS 608.050.

F. For lost wages, general and compensatory damages, reinstatement to employment or front pay in lieu of reinstatement, and punitive damages for Plaintiff's claim of common law retaliatory discharge in violation of public policy.

G. For trial by jury on all issues that may be tried to by a jury.

H. For such other and further relief as the Court may deem just and proper.


DATED this 28th day of August, 2016.

_____/s/ James P. Kemp_____

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

LAURA BUCKLEY,                          )
                         Plaintiff,     )
     vs.                                )
                                        )     Case No.: A-16-742515-C
PINNACLE COMMUNITY SERVICES             )
LIMITED PARTNERSHIP, a Nevada Limited   )     Dept. No.  XXV
Partnership; CANTERBURY HOLDINGS        )
LLC, a Texas Limited Liability Company; )
DIAMONDBACK MANAGEMENT                  )     **SUMMONS**
SERVICES, LTD, a Texas Business Entity; )
SILVERCLOUD HOLDINGS, INC., a Nevada    )
Corporation; GARY BOWERS, an individual;)
DOES I-X; ROE BUSINESS ENTITIES I-X,    )
                                        )
                         Defendants.    )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**PINNACLE COMMUNITY SERVICES LIMITED PARTNERSHIP, a Nevada Limited Partnership;**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By:_____
        Deputy Clerk            Date

IRISH LAPIRA

DISTRICT COURT SEAL

AUG 3 1 2016

NOTE: When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure 4(b).

STATE OF _____ )
                         )ss:                              **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

_____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.   Delivering and leaving a copy with the Defendant _____at (state address) _____
     _____.

2.   Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

     (Use paragraph 3 for service upon agent, completing A or B)

3.   Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____.

     a.   With _____ as _____ , an agent lawfully designated by statute to accept service of process;
     b.   With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.   Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                 _____ Ordinary mail
                 _____ Certified mail, return receipt requested
                 _____ Registered mail, return receipt requested

     addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                              _____
                                              Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                              _____
                                              Signature of person making service

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

LAURA BUCKLEY,

           Plaintiff,

    vs.

PINNACLE COMMUNITY SERVICES
LIMITED PARTNERSHIP, a Nevada Limited
Partnership; CANTERBURY HOLDINGS
LLC, a Texas Limited Liability Company;
DIAMONDBACK MANAGEMENT
SERVICES, LTD, a Texas Business Entity;
SILVERCLOUD HOLDINGS, INC., a Nevada
Corporation; GARY BOWERS, an individual;
DOES I-X; ROE BUSINESS ENTITIES I-X,

           Defendants.

Case No.:  A-16-742515-C

Dept. No.  XXV

## SUMMONS

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth
in the Complaint.

### CANTERBURY HOLDINGS LLC, a Texas Limited Liability Company;

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of
    service, you must do the following:
    (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the
    Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a
    judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
    property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
    response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission
    members and legislators, each have 45 days after service of this Summons within which to file an answer or
    other responsive pleading to the Complaint.

Submitted by:

_____

JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT
IRISH LAPIRA

By:_____
          Deputy Clerk         Date

DISTRICT COURT SEAL

AUG 3 1 2016

NOTE: When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure 4(b).

STATE OF _____)
                       )ss:                               **AFFIDAVIT OF SERVICE**
COUNTY OF_____)

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

_____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

<strong>(Affiant must complete the appropriate paragraph)</strong>

1.      Delivering and leaving a copy with the Defendant _____at (state address) _____
_____.

2.      Serving the Defendant _____ by personally delivering and leaving a copy with
_____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3.      Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____
_____.

      a.    With _____ as _____ , an agent lawfully designated by statute to accept service of process;

      b.    With _____ , pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.      Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                    _____ Ordinary mail
                    _____ Certified mail, return receipt requested
                    _____ Registered mail, return receipt requested

      addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)     If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                                 _____
                                                             Signature of person making service

(b)     If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                                                 _____
                                                             Signature of person making service

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

LAURA BUCKLEY,
                Plaintiff,

    vs.

PINNACLE COMMUNITY SERVICES
LIMITED PARTNERSHIP, a Nevada Limited
Partnership; CANTERBURY HOLDINGS
LLC, a Texas Limited Liability Company;
DIAMONDBACK MANAGEMENT
SERVICES, LTD, a Texas Business Entity;
SILVERCLOUD HOLDINGS, INC., a Nevada
Corporation; GARY BOWERS, an individual;
DOES I-X; ROE BUSINESS ENTITIES I-X,

                Defendants.

Case No.:  A-16-742515-C

Dept. No.  XXV

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth
in the Complaint.

### DIAMONDBACK MANAGEMENT SERVICES, LTD, a Texas Business Entity;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of
   service, you must do the following:
   (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the
   Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a
   judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
   property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
   response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission
   members and legislators, each have 45 days after service of this Summons within which to file an answer or
   other responsive pleading to the Complaint.

Submitted by:

_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By:_____
    IRISH LAPIRA
      Deputy Clerk

DISTRICT COURT SEAL

AUG 3 1 2016
    Date

NOTE: When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure 4(b).

STATE OF _____ )
_____ )ss:                    **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____
_____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.      Delivering and leaving a copy with the Defendant _____at (state address) _____
_____.

2.      Serving the Defendant _____ by personally delivering and leaving a copy with
_____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

    (Use paragraph 3 for service upon agent, completing A or B)

3.      Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____
_____

    a.    With _____ as _____ , an agent lawfully designated by statute to accept service of process;
    b.    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.      Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

          _____ Ordinary mail
          _____ Certified mail, return receipt requested
          _____ Registered mail, return receipt requested

    addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)     If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                          _____
                                          Signature of person making service

(b)     If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                          _____
                                          Signature of person making service

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

LAURA BUCKLEY,                                    )
              Plaintiff,                    )
     vs.                                              )  Case No.:  A-16-742515-C
                            )
PINNACLE COMMUNITY SERVICES            )  Dept. No.  XXV
LIMITED PARTNERSHIP, a Nevada Limited )
Partnership; CANTERBURY HOLDINGS       )
LLC, a Texas Limited Liability Company;     )  **SUMMONS**
DIAMONDBACK MANAGEMENT                 )
SERVICES, LTD, a Texas Business Entity;     )
SILVERCLOUD HOLDINGS, INC., a Nevada )
Corporation; GARY BOWERS, an individual; )
DOES I-X; ROE BUSINESS ENTITIES I-X,       )
                            )
              Defendants.                )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### SILVERCLOUD HOLDINGS, INC., a Nevada Corporation;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By:_____
          Deputy Clerk         Date

IRISH LAPIRA

DISTRICT COURT SEAL

AUG 3 1 2016

NOTE: When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure 4(b).

STATE OF _____ )
                        )ss:                          **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____
_____
on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant _____at (state address) _____
      _____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with
      _____, a person of suitable age and discretion residing at the Defendant's usual
      place of abode located at: (state address) _____.

**(Use paragraph 3 for service upon agent, completing A or B)**

3.    Serving the Defendant _____by personally delivering and leaving a
      copy at (state address) _____
      _____.

      a.    With _____ as _____ , an agent lawfully designated by
            statute to accept service of process;
      b.    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion
            at the above address, which address is the address of the resident agent as shown on the current certificate of
            designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage
      prepaid (Check appropriate method):

                  _____ Ordinary mail
                  _____ Certified mail, return receipt requested
                  _____ Registered mail, return receipt requested

      addressed to the Defendant _____ at Defendant's last known address which is
      (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                          _____
                                                          Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the
      foregoing is true and correct."

                                                          _____
                                                          Signature of person making service

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

LAURA BUCKLEY,
                Plaintiff,

    vs.

PINNACLE COMMUNITY SERVICES
LIMITED PARTNERSHIP, a Nevada Limited
Partnership; CANTERBURY HOLDINGS
LLC, a Texas Limited Liability Company;
DIAMONDBACK MANAGEMENT
SERVICES, LTD, a Texas Business Entity;
SILVERCLOUD HOLDINGS, INC., a Nevada
Corporation; GARY BOWERS, an individual;
DOES I-X; ROE BUSINESS ENTITIES I-X,

                Defendants.

Case No.: A-16-742515-C

Dept. No. XXV

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### GARY BOWERS, an individual;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By: ___IRISH LAPIRA_____
        Deputy Clerk

AUG 3 1 2016
    Date

DISTRICT COURT SEAL

NOTE: When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure 4(b).

STATE OF _____ )

)ss:                                            **AFFIDAVIT OF SERVICE**

COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

### (Affiant must complete the appropriate paragraph)

1.  Delivering and leaving a copy with the Defendant _____at (state address) _____
    _____

2.  Serving the Defendant _____ by personally delivering and leaving a copy with
    _____, a person of suitable age and discretion residing at the Defendant's usual
    place of abode located at: (state address) _____.

### (Use paragraph 3 for service upon agent, completing A or B)

3.  Serving the Defendant _____by personally delivering and leaving a
    copy at (state address) _____.

    a.  With _____ as _____ , an agent lawfully designated by
        statute to accept service of process;
    b.  With _____, pursuant to NRS 14.020 as a person of suitable age and discretion
        at the above address, which address is the address of the resident agent as shown on the current certificate of
        designation filed with the Secretary of State.

4.  Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage
    prepaid (Check appropriate method):

        _____ Ordinary mail
        _____ Certified mail, return receipt requested
        _____ Registered mail, return receipt requested

    addressed to the Defendant _____ at Defendant's last known address which is
    (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                    _____
                                                    Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the
      foregoing is true and correct."

                                                    _____
                                                    Signature of person making service