1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7 LAURA BUCKLEY,                                    Case No. 2:16-cv-02326-GMN-PAL

8                                        Plaintiff,

9        v.                                               **REPORT OF FINDINGS AND**
                                                          **RECOMMENDATION**
   PINNACLE COMMUNITY SERVICES
10 LIMITED PARTNERSHIP, et al.,

11                                      Defendants.

12        This matter is before the court on Defendants' Response (ECF No. 17) to the court's Order

13 to Show Cause (ECF No. 16) ("OSC") and Plaintiff Laura Buckley's Joinder (ECF No. 18) in the

14 Response. The Response is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and

15 LR IB 1-4 of the Local Rules of Practice.

16                                    **BACKGROUND**

17 **I.    PROCEDURAL HISTORY**

18        Ms. Buckley filed her complaint in Nevada state court on August 28, 2016. *See* Pet. for

19 Removal (ECF No. 1) at 3–17, Compl. The complaint alleged claims for: (1) violation of the

20 Family and Medical Leave Act ("FMLA"); (2) violation of the Fair Labor Standards Act ("FLSA")

21 regarding overtime wages; (3) violation of Nevada overtime wage law, (4) wages due and owing

22 under NRS 608.040 and/or 608.050, and (5) retaliatory discharge in violation of public policy

23 under Nevada law. In addition, the complaint stated a "reservation of rights" under the Americans

24 with Disabilities Act ("ADA") as Buckley anticipated filing a charge of discrimination with the

25 United States Equal Opportunity Commission ("EEOC"). *Id*. at 15.

26        Defendants removed the case to this court on October 5, 2016. The next day the parties

27 filed a Stipulation to Stay (ECF No. 5) pending the outcome of a private mediation before the

28 Honorable Lawrence R. Leavitt (Ret.), and if necessary a subsequent arbitration. The court entered

an Order (ECF No. 6) on October 12, 2016, granting the stipulation to stay and requiring the parties to file joint status reports every 60 days advising the court of the status of mediation and/or arbitration proceedings. The order expressly warned counsel that a failure to "timely commence and conclude mediation and arbitration proceedings will result in an order to show cause why the stay should not be lifted." *Id.*

The parties' December 8, 2016 Joint Status Report (ECF No. 7) advised that the mediation did not result in a resolution, but that the parties were continuing to discuss settlement and would proceed with arbitration if necessary.

The parties' February 6, 2017 Joint Status Report (ECF No. 8) advised that they had been discussing using either the Hon. Phillip M. Pro (Ret.) or the Hon. David Wall (Ret.) as an arbitrator. The court entered an Order (ECF No. 9) on February 10, 2017, directing the parties to exercise their "best good-faith efforts to **select an arbitrator and schedule arbitration** before the next status report." *Id.* at 2 (emphasis added). The court pointed out that it had been four months since the parties' stipulation was granted and an arbitrator had not yet been selected. *Id.* "Alternate Dispute Resolution is intended to proceed more expeditiously and inexpensively than litigation." *Id.* The parties were again warned that a failure to timely comply would result in an order to show cause why the stay should not be lifted.

The parties' April 6, 2017 Joint Status Report (ECF No. 10) advised that they were commencing arbitration with the Hon. David Wall (Ret.) and were awaiting a conference with Judge Wall to set the arbitration date and scheduling deadlines.

The parties' June 1, 2017 Joint Status Report (ECF No. 11) informed the court that arbitration before Judge Wall was set for December 14–15, 2017. The parties requested that the next joint status report be due on or before January 19, 2018, "**after the arbitration hearing has concluded**." *Id.* at 1–2 (emphasis added). The court reluctantly granted the parties' request for a January 19, 2018 joint status report deadline in an Order (ECF No. 12) entered June 2, 2017.

The parties' January 17, 2018 Joint Status Report (ECF No. 13) advised that the parties were continuing arbitration to a date likely to be heard in June 2018, unless the case resolved earlier. The parties requested that the next status report be due one or before July 27, 2018, "**after**

**the arbitration hearing has presumably concluded**.” *Id.* at 2 (emphasis added).  The court denied the parties' request to delay the next status report until July and ordered the parties to file their next status report on or before March 19, 2018. Jan. 22, 2018 Order (ECF No. 14).

The parties' March 15, 2018 Joint Status Report (ECF No. 15) advised that counsel have taken further depositions in the arbitration, and that further arbitration proceedings had been rescheduled for August 14 and 15, 2018.  The parties requested a September 28, 2018 joint status report deadline to allow time for an arbitration decision to be reached.  On March 23, 2018, the court denied the parties' request and issued the OSC.

## II.     THE OSC AND THE PARTIES' RESPONSES

The OSC (ECF No. 16) ordered counsel to show cause, in writing, why the stay should not be lifted and this case should not be dismissed for the parties' failure to comply with the court's orders and failure to timely arbitrate this matter.  The OSC noted that this case has been on the court's docket since October 2016.  At the time the OSC was issued more than 17 months had passed since the court granted the stipulation to stay and more than 13 months had elapsed since the court ordered the parties to exercise their best good faith efforts to select an arbitrator and schedule arbitration by the status report due date of April 6, 2017.  *See* Order (ECF No 9) at 2. The court found the parties' joint status reports had not established a good faith effort to comply with that order.  The court further noted:

> Arbitration is a form of alternate dispute resolution that is supposed to be more efficient and less time consuming and costly than litigation.  These objectives have not been accomplished.  Had this case remained in litigation discovery would have long been closed, and in all probability the case resolved.  Yet, 17 months after mediation and/or arbitration was ordered, and the case stayed, this case lingers on this court's docket and the parties seek an additional 5 more months to conclude arbitration.  The parties' lack of diligence has delayed adjudication of this case on the merits, and wasted judicial resources monitoring a case which should have been long closed.

OSC (ECF No. 16) at 2–3.

In their Response (ECF No. 17), defendants “apologize to the Court if prior status reports have not fully-developed some of the issues and complications in this matter.” Defendants assert that this is a broad and unique case because Ms. Buckley is asserting claims under the ADA, FLSA, FMLA, and for workers' compensation retaliation.  With regard to the delay, defendants note that

Buckley did not submit and serve her Amended Complaint alleging the ADA claims until June 16, 2017. Although the original August 2016 complaint included a reservation of rights under the ADA, Ms. Buckley did not file her charge of discrimination until December 16, 2016, and the EEOC did not issue a Notice of Right to Sue until June 9, 2017. After the Amended Complaint was served, defense counsel had a very active trial and trial preparation schedule in the second half of 2017. Their busy schedule "made it difficult to do extensive discovery and set an arbitration hearing during this time frame." *Id*. at 3, ¶ 3.

Scheduling conflicts have "precluded scheduling the arbitration until August" 2018. *Id*. at 3, ¶ 4. Defendants attach an email dated January 18, 2018, from defense counsel to a business manager at JAMS stating that the parties "have agreed to continue the arbitration set for March 13–14, 2018" and asking if Judge Wall was available for June 21–22, 2018. *See* Resp. Ex. 5 (ECF No. 17-1) at 38–40. Judge Wall was not available for June 21–22, but was open June 4–5, and 11. *Id*. Counsel asked for dates in July, but Judge Wall was not available in July and his next open dates were either the week of August 6 or 13. *Id*.

Although the case has not completed arbitration "as fast as might be expected," defense counsel argues:

> the stay has nonetheless benefitted the Court, as no Magistrate Judge has had to devote time to an ENE or Settlement Conference, or had to address any discovery motions, and no District Judge has been required to expend any time on dispositive motions, pretrial matters or trial. Also, if this case had remained in the Court system, absent settlement or resolution by dispositive motion, it is unlikely any trial would have occurred before August 2018.

*Id*. at 3, ¶ 4. Defendants therefore request that the stay in this matter continue until the August 2018 arbitration hearing is concluded.

Ms. Buckley's Joinder (ECF No. 18) briefly asserts that the parties have been proceeding in arbitration in good faith and the extension to August 2018 for the arbitration hearing was reasonable and necessary. Quoting Section Three of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16,[1] Buckley states that the parties are not in default and are participating in the

---

[1] Section Three of the FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue

4

1  arbitration in good faith.  She therefore requests the stay be continued pursuant to FAA Section

2  Three.

3  **DISCUSSION**

4      The FAA provides for a stay of proceedings in the district court when an issue in the case

5  is subject to arbitration.  9 U.S.C. § 3; *see also Britton v. Co-op Banking Group*, 916 F.2d 1405,

6  1412 (9th Cir. 1990).  However, eight United States Courts of Appeals, including the Ninth Circuit,

7  have held that the FAA does not limit the court's authority dismiss a case where the arbitration

8  clause at issue requires submission of all claims to arbitration.  *See, e.g.*, *Johnmohammadi v.*

9  *Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) (citing *Sparling v. Hoffman Constr.*

10  *Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that a district court may *sua sponte* dismiss

11  a case if all claims are subject to an arbitration agreement); *Alford v. Dean Witter Reynolds, Inc.*,

12  975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the

13  case when *all* of the issues raised in the district court must be submitted to arbitration."); 1 A.L.R.

14  Fed. 2d 557 (2005) (collecting cases).  When arbitration of all claims against a defendant is

15  required by the parties' agreement, dismissal is appropriate rather than stay.  *Cooper v. QC*

16  *Financial Services, Inc.*, 503 F. Supp. 2d 1266, 1292 (D. Ariz. 2007).

17      Here, the court finds that a continued stay of this case is no longer warranted and dismissal

18  is appropriate.[2]  The parties' lack of diligence has delayed adjudication of this case on its merits.

19  Arbitration has not occurred in the more than 19 months since this case was stayed, despite the

20  court's repeated warnings to the parties and their counsel that if they did not timely complete

21  arbitration an OSC would issue.  The parties were reminded that alternative dispute resolution is

22  intended to proceed more expeditiously and inexpensively than litigation, yet it took the parties

23  referable to arbitration under an agreement in writing for such arbitration, the court in
24  which such suit is pending, upon being satisfied that the issue involved in such suit or
   proceeding is referable to arbitration under such an agreement, shall on application of one
25  of the parties stay the trial of the action until such arbitration has been had in accordance
   with the terms of the agreement, providing the applicant for the stay is not in default in
26  proceeding with such arbitration.

9 U.S.C. § 3.

27  [2]  There is no dispute that all of Ms. Buckley's claims are subject to arbitration.  The parties' stipulated to
28  stay the entire case pending the outcome of private mediation and a subsequent arbitration "in accordance
   with the Arbitration Policies & Procedures which are applicable to this matter."  Stipulation (ECF No. 5).

5

four months after unsuccessful mediation to simply to select an arbitrator.  Order (ECF No. 9).
The arbitration was continued from December 2017 to March 2018 and again to August 2018.
Status Reports (ECF Nos. 11, 15); Resp. Ex. 5 (ECF No. 17-1) at 38–40.  The parties have not
shown diligence in attempting to comply with the court's orders or a commitment to timely
commence and conclude mediation and arbitration proceedings.

The OSC pointed out the waste of judicial resources monitoring a case that should have
been long closed.  Defendants response states that the stay has actually *benefited* the court since
the court has not needed to conduct an ENE, decide discovery disputes, dispositive motions or
conduct a settlement conference.  The court disagrees.  The Ninth Circuit has repeatedly
recognized the district court's need to manage its docket as "a housekeeping measure related to
the efficient administration of judicial business for the benefit of all litigants with cases pending."
*Nealey v. Transportation Maritima Mexicana, S. A*., 662 F.2d 1275, 1279 (9th Cir. 1980).[3]  The
court's docket explodes when cases are not closed while new cases get filed daily.  The parties do
not seem to appreciate the significant time the court devotes to this and other cases on its docket
monitoring cases in an attempt to get them to timely resolution.  The court has spent considerable
time reviewing the parties' status reports (ECF Nos. 7, 8, 10, 11, 13, 15), OSC Response (ECF
No. 17), Joinder (ECF No. 18), and entering five orders (ECF Nos. 6, 9, 12, 14, 16).

It has now been more than 20 months since the court granted the parties' stipulation to stay
judicial proceedings in this case pending mediation and arbitration.  *See* Order (ECF No. 6).  The
order granting the parties' stipulation expressly warned the parties that their failure to timely
commence and conclude mediation and arbitration would result in an order to show cause why the
stay should not be lifted.  That provision was put in the order because of the all too often occurrence
of lawyers who drop the ball and make little effort to move expeditiously to resolve litigation in
the absence of court imposed deadlines.  This is precisely what occurred here.  The court ordered
the parties to promptly proceed with arbitration several times, warning the stay may be lifted if
they did not.  The status reports did not inform the court of any impediments to completing

[3] *See also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (noting
that district courts are not expected to suffer through "endless non-compliance with case management
orders" and giving deference to district courts with regard to docket management).

1   arbitration, only that additional extensions and continuances of the arbitration had been requested

2   and received.  Moreover, the parties' responses to the order to show cause do not provide any

3   reason for leaving the case open on this court's docket.  The only conceivable advantage to the

4   litigants to having this case remain on the court's docket is to avoid filing a separate action to

5   enforce or attack the validity of the arbitration award.

6          Finally, the parties do not indicate how long the arbitration, once commenced, will take to

7   conclude.  Their delay and failure to apprise the court of the reasons for their delay is unreasonable

8   and has interfered with the court's ability to efficiently manage its docket.  Even if the court had

9   allowed twice the amount of time deemed presumptively reasonable to complete discovery by LR

10  26-1, discovery would have closed in October 2017.[4]  Dispositive motions would have been

11  decided, a joint pretrial order filed, and the case set for trial.  Defendants may be correct that the

12  case would probably have not been tried by now.  However, only a tiny fraction of civil cases is

13  actually tried.  The vast majority of cases resolve during the discovery process or after discovery

14  is completed by dispositive motion or settlement.

15         Plaintiff's joinder cites Section Three of the FAA suggesting a stay is required.  However,

16  Ninth Circuit precedent, and that of eight other circuits, does not require the court to continue a

17  stay of judicial proceedings until arbitration is completed.  Although the FAA provides for a stay

18  pending completion of arbitration, the parties are not entitled to an indefinite stay of the judicial

19  proceedings.  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir.

20  2004).  All of Buckley's claims are subject to arbitration; therefore, dismissal is appropriate.  *See,*

21  *e.g.*, *Echevarria-Hernandez v. Affinitylifestyles.com, Inc.*, No. 2:16-cv-00943-GMN-VCF, 2017

22  WL 1160571, at *5 (D. Nev. Mar. 27, 2017) (granting motion to compel arbitration and finding

23  that dismissal was warranted as plaintiff did not dispute that all of her claims fell within the scope

24  of the arbitration agreement).   Dismissal of this federal action will not affect the order granting

25  the parties' stipulation to mediate and arbitrate "in accordance with the Arbitration Policies &

26  _____

27  [4] Of course, if the parties had stipulated to extensions of the discovery plan and scheduling order deadlines
    providing the same lack of justification for their progress in commencing and completing arbitration that
    they provided in their status reports a stipulation to extend the discovery plan and scheduling order deadlines

28  would have been denied.

Procedures which are applicable to this case." *See* Stipulation & Order (ECF Nos. 5 & 6).

For the reasons explained, the court will recommend dismissal of this action.

Accordingly,

**IT IS RECOMMENDED:**

1.  Plaintiff Laura Buckley's Complaint be **DISMISSED**, with the Order (ECF No. 6) granting the parties' Stipulation (ECF No. 5) to arbitrate to remain in full force and effect.

2.  The Clerk of the Court be instructed to close this case.

Dated this 6th day of June, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE